UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ILL WILL MUSIC )<br>c/o Provident Financial Management )<br>152 West 57th Street, 19th Floor )<br>New York, NY 10019 )<br>  )<br>UNIVERSAL-POLYGRAM )<br>INTERNATIONAL PUBLISHING, INC. )<br>2440 Sepulveda Blvd., Suite 100 )<br>Los Angeles, CA 90064 )<br>  )<br>KUWA MUSIC )<br>2600 Netherland Avenue )<br>Bronx, NY 10463 )<br>  )<br>DAVY-D MUSIC )<br>133-36 230th Street )<br>Jamaica, NY 11413 )<br>  )<br>ZOMBA ENTERPRISES, INC. )<br>8750 Wilshire Blvd. )<br>Beverly Hills, CA 90211 )<br>  )<br>VIRGINIA BEACH MUSIC )<br>39 West 56th Street, 3rd Floor )<br>New York, NY 10019 )<br>  )<br>CARTER BOYS PUBLISHING )<br>825 8th Avenue, 29th Floor )<br>New York, NY 10019 )<br>  )<br>FAMOUS MUSIC CORPORATION )<br>1633 Broadway, 11th Floor )<br>New York, NY 10019 )<br>  )<br>BYEFALL PRODUCTIONS, INC. )<br>2951 Satellite Blvd. NW, Apt. 1637 )<br>Dulluth, GA    30096 )<br>  ) | Civil Action<br><br>No._____ |

```
WB MUSIC CORP.                          )
10585 Santa Monica Blvd.                )
Los Angeles, CA 90025                   )
                                        )
AIN'T NOTHING BUT FUNKIN' MUSIC         )
c/o Provident Financial Management      )
2850 Ocean Park Blvd, #300              )
Santa Monica, CA 90405                  )
                                        )
MUSIC OF WINDSWEPT                      )
9320 Wilshire Blvd., #200               )
Beverly Hills, CA 90212                 )
                                        )
BLOTTER MUSIC                           )
10304 La Grange Avenues                 )
Los Angeles, CA 90025                   )
                                        )
ELVIS MAMBO MUSIC                       )
31619 Saddletree Drive                  )
Westlake Village, CA 91361              )
                                        )
          Plaintiffs,                   )
                                        )
     v.                                 )
                                        )
DCV, LLC                                )
7901 Belleflower Drive                  )
Springfield, VA 22152                   )
                                        )
  and                                   )
                                        )
DAVID S. CHUNG                          )
7901 Belleflower Drive                  )
Springfield, VA 22152                   )
                                        )
Serve:                                  )
                                        )
          Defendants.                   )
_____)
```

# COMPLAINT

## (Copyright Infringement)

2

1. This is a suit for copyright infringement under Title 17, U.S.C. Jurisdiction of this Court is based upon Title 28, U.S.C., Section 1338(a).

2. Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendants' public performances of copyrighted musical compositions. SCHEDULE A annexed to the Complaint sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

3. Plaintiffs named in Column 2 (all references to columns are to columns in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4. Defendant DCV, LLC is a Virginia limited liability company which did at the times hereinafter mentioned and still does own, control, manage, operate and maintain a place of business for public entertainment, accommodation, amusement and refreshment known as Club Daedalus, located at 1010 Vermont Avenue, NW, in Washington, in the District of Columbia.

5. Defendant David S. Chung is a resident of Virginia and, at all times hereinafter mentioned was and still is a partner of Defendant DCV, LLC, with primary responsibility for the control, management, operation and maintenance of the affairs of said company. The acts hereinafter complained of were done with his active assistance, cooperation, acquiescence and procurement, and he derives financial benefit therefrom.

6. Musical compositions were and are publicly performed at said place of business.

7. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

8. Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17, U.S.C.

9. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

10. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions on Defendants' premises, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

11. The performances of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 on Defendants' premises were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from

any Plaintiff or any agent, servant or employee of any Plaintiff to give such performances.

12. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) Defendants have not sought or obtained a license agreement from Plaintiffs or the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all Plaintiffs are members.

(b) Despite numerous letters and other contacts by ASCAP representatives informing the Defendants of their liability under the United States Copyright Law, Defendants have continued to perform copyrighted music without permission during the hours that Defendants' establishment is open to the public for business and presenting musical entertainment.

(c) The many unauthorized performances at Club Daedalus include the performances of the four copyrighted musical compositions upon which this action is based.

13. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

14. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts,

5

said Plaintiff will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in Defendants' said premises, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.  That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III.  That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and adequate.

/s/ Benjamin Zelenko
Benjamin L. Zelenko, #154088
Sarah L. Knapp, #470008
BAACH ROBINSON & LEWIS PLLC
1201 F Street, N.W., Suite 500
Washington, D.C. 20004-1225
Telephone: (202) 833-8900
Facsimile: (202) 466-5738

Counsel for Plaintiffs

Dated: July 11, 2005

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
| 1. | UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., KUWA MUSIC, DAVY-D MUSIC, ZOMBA ENTERPRISES, INC. | IF I RULED THE WORLD | NASIR JONES | 5/28/96 | PA 885-859 | 10/9/04 |
| 2. | VIRGINIA BEACH MUSIC, CARTER BOYS PUBLISHING | DIRT OFF YOUR SHOULDER | SHAWN C. CARTER (PKA JAY-Z), TIM MOSLEY (PKA TIMBALAND) | 11/14/03 | PA 1-158-343 | 10/9/04 |
| 3. | FAMOUS MUSIC CORPORATION, BYEFALL PRODUCTIONS, INC. | LOCKED UP | ALIUANE THIAM | 8/14/03 | PA 1-159-734 | 2/25/05 |
| 4. | WB MUSIC CORP. AIN'T NOTHING BUT FUNKIN' MUSIC, MUSIC OF WINDSWEPT, BLOTTER MUSIC, ELVIS MAMBO MUSIC | IN DA CLUB | CURTIS JAMES JACKSON P/K/A 50 CENT, ANDRE ROMELL YOUNG P/K/A DR. DRE, MICHAEL A. ELIZONDO, JR. | 2/6/03 | PA 1-147-468 | 2/27/05 |

SCHEDULE "A"