UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WB Music Corp., et. al <br><br> Plaintiffs, <br><br> v. <br><br> DCV, LLC and David Chung <br><br> Defendants. | Civil Action <br> No. 1-05-CV-01368 (EGS) |

## JOINT STATEMENT PURSUANT TO LOCAL CIVIL RULE 16.3

Pursuant to Local Civil Rule (LCvR) 16.3, undersigned counsel for the parties met by telephone to discuss the matters listed in LCvR 16.3(c) and jointly submit the following statement:

1. **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The parties agree that this case may be disposed of by dispositive motion.

2. **The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual or legal issues can be agreed upon or narrowed.**

The parties agree that joinder of other parties and amendments to the pleadings, if any, should have been accomplished at the time an answer to the complaint was due, but without prejudice to the parties' opportunity to move to amend the pleadings or join parties later should discovery make that appropriate. The parties agree that the factual or legal

issues involved in this action cannot be agreed upon or narrowed at this point in the litigation.

> **3.  Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties agree that the case should not be assigned to a magistrate judge for all purposes; however, the parties agree that, if necessary, the case may be assigned to a magistrate judge for the resolution of discovery disputes.

> **4.  Whether there is a realistic possibility of settling the case.**

Neither party is opposed to settling this action. The parties will engage in settlement discussions in the near future.

> **5.  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures or some other form of alternative dispute resolution. And if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.**

The parties agree that ADR would not be useful at this time.

> **6.  Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The plaintiffs believe that this matter can be resolved by summary judgment. The defendants do not. The parties agree, however, that dispositive motions, if any, should be filed no later than four weeks after the completion of discovery. While opposition and reply dates will depend on the scope and complexity of any dispositive motion, the parties suggest that oppositions should be due within 20 days following the filing of a motion, and replies, if any, should be due 14 days thereafter.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Parties agree to the initial disclosures required by Rule 26(a)(1).

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

   a. Plaintiffs and Defendants agree that all written discovery and deposition discovery should be complete within four (4) months following the entry of a scheduling order.

   b. Expert discovery in accordance with the response to Item No. 9 below.

   c. The parties agree that any party would be free to move this Court for an order extending or modifying the discovery schedule if scheduling, travel and related logistics make that appropriate.

   d. The parties agree that there is at present no need for a protective order; however, they reserve their right to apply for such an order at a later date.

9.  **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

Neither party anticipates it will rely on expert testimony, however, the parties reserve the right to move the Court for an appropriate order to govern the exchange of expert witness reports and the depositions of experts.

10. **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases and a specific proposal for such bifurcation.**

The parties agree that trial bifurcation is not appropriate.

12. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties agree that the pretrial conference should be held within 60 days after the Court's decision on post-discovery dispositive motions, if any. If no dispositive motions are filed, the parties agree that the pretrial conference should be held within 60 days after the close of all discovery.

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that a trial date should be set at the pretrial conference.

14. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties agree that all such matters are included in the parties' proposed scheduling order.

Dated: November 2, 2005

Jointly and respectfully submitted,

_____
Benjamin L. Zelenko #154088
Sarah L. Knapp #470008
BAACH ROBINSON & LEWIS, PLLC
1201 F St. NW, Suit 500
Washington, D.C. 20004-1225
(202) 833-8900

Counsel for Plaintiffs

_____
James C. Brincefield, Jr. #014811
BRINCEFIELD HARTNETT PC
526 King Street
Suite 423
Alexandria, VA 22314-3143
(703) 836-2880

Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WB Music Corp., et. al<br><br>Plaintiffs,<br><br>v.<br><br>DCV, LLC and David Chung<br><br>Defendants. | Civil Action<br>No. 1-05-CV-01368 (EGS) |

## PROPOSED SCHEDULING ORDER

Pursuant to the Joint Statement filed by the parties under Local Rule 16.3 and in accordance with Rule 16(b) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that:

(1)   The parties agree that other claims or parties should have been joined at the time an answer to the Complaint was due, but have reserved the right to move for amendment of the pleadings should discovery make that appropriate;

(2)   Discovery disputes may be referred to a magistrate judge. The parties do not agree to have this case referred to a magistrate judge for all purposes, including trial;

(3)   The parties have not consented to Alternative Dispute Resolution.

(4)   The parties are subject to the initial disclosure requirements of Fed.R.Civ.P. 26(a)(1) and LCvR 26;

(5) Discovery, both fact and expert, shall terminate four (4) months from the date of this Order.

(6) The parties shall coordinate the exchange of information regarding expert witnesses under Rule 26(a)(2). Absent a request by either party, the Court will not set a schedule for Rule 26(a)(2) (expert witness) disclosures.

(7) Dispositive motions, if any, shall be filed no later than four weeks after completion of discovery; oppositions must be submitted within 20 days following the filing of a motion; replies are due 14 days thereafter;

(8) In the event the case is not resolved by dispositive motions, a pretrial conference and trial date will be set after the Court has ruled on the dispositive motion(s), if any.

**IT IS SO ORDERED.**


\_\_\_\_\_ day of _____, 2005        _____
                                              United States District Judge